UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN MOTION ORTHOPAEDICS WEST, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:26-cv-00296-TWP-MJD |
| ) | |
| NOAH CMIEL, ) | |
| ENOVIS CORPORATION, ) | |
| ) | |
| Defendants. ) | |

### ORDER DENYING PLAINTIFF'S MOTION TO EXTEND TRO
### AND DENYING DEFENDANTS EMERGENCY MOTION TO DISSOLVE TRO

This matter is before the Court on Plaintiff IN Motion Orthopaedics West, Inc.'s ("IN Motion") Motion to Extend Temporary Restraining Order (Filing No. 31). Also Pending is Defendant Enovis Emergency Motion to Dissolve Temporary Restraining Order (Filing No. 18), which is scheduled for hearing on Monday, March 2, 2026. The Court entered a Temporary Restraining Order ("TRO") against Defendants Noah Cmiel ("Cmiel") and Enovis Corporation ("Enovis") (together, "Defendants") at 5:00 p.m. ET on February 13, 2026. The TRO is set to expire at 5:00 p.m. ET on February 27, 2026. IN Motion requests a 14-day extension. For the following reasons, the Motion to Extend the TRO is **denied,** and Enovis Emergency Motion to dissolve the TRO is **denied as moot**.

### I. BACKGROUND

IN Motion initiated this action against its former employee, Cmiel, and Cmiel's current employer, Enovis, on February 12, 2026, alleging misappropriation of trade secrets and breach of Cmiel's Sales Representative Agreement (the "Agreement") (Filing No. 1). IN Motion specifically alleges that Cmiel is violating the Agreement's restrictive covenants by working for Enovis, a direct competitor of IN Motion, and soliciting business at Rush University Medical Center.

Cmiel's Agreement states, in part, that he "*shall* directly or indirectly engage in the sale or other support of, or otherwise have any involvement whatsoever with or regarding Competitive Products in the Territory." (Filing No. 32-1 at 4 (emphasis added)). IN Motion's Complaint and TRO briefing did not attach the Agreement and selectively quoted the above provision to imply that the provision stated, "shall not" instead of "shall." (Filing No. 6 at 3 ("For 18 months post-termination, Cmiel was obligated not to 'directly or indirectly engage in the sale or other support of . . . Competitive Products in the Territory.")). The Agreement's actual language was not shared with the Court until Enovis filed its Motion to Dissolve the TRO (Filing No. 18). IN Motion insists that its misrepresentation of the Agreement's language was not intentional and that the omission of "not" from the provision is a scrivener's error. That may be true, but the fact remains that IN Motion's filings preceding entry of the TRO misquoted key language in the Agreement.

On February 13, 2026, the Court granted IN Motion's Motion for TRO and entered the TRO at 5:00 p.m. ET that day (Filing No. 14). On February 19, 2026, before being served with process, Enovis appeared and filed its Motion to Dissolve the TRO, which is pending and set for a hearing on Monday, March 2, 2026 (Filing No. 30).[1] On February 24, 2026, the parties attended a Status Conference with the Magistrate Judge. The parties were directed to meet with the Magistrate Judge, in part, to discuss a discovery plan, briefing schedule, and hearing date for a preliminary injunction, but because IN Motion had not moved for a preliminary injunction before the conference, no such plan or dates were set (Filing No. 35).

On February 25, 2026—two days before the TRO was set to expire—IN Motion filed the instant request for a 14-day extension. IN Motion argues that the TRO should be extended because it would suffer "immediate, continuing irreparable harm" if the TRO were to expire, because the

---

[1] The hearing was originally set for February 27, 2026, but continued upon IN Motion's request (Filing No. 28).

balance of harms favors an extension, and because the 14-day extension is needed to ensure that "IN Motion's Preliminary Injunction arguments can be fully heard" and that the Court will have sufficient time to "review the complete record and . . . schedule necessary discovery and conduct a preliminary injunction hearing with full adversarial proceedings." (Filing No. 32 at 5–6).

Enovis opposes the motion and responds that an extension is not warranted because IN Motion's TRO was obtained under "false pretenses," there is no evidence of immediate irreparable harm, IN Motion's delayed filings demonstrate a lack of true urgency, and IN Motion's TRO bond is inadequate (Filing No. 40).

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 65, a TRO "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). The reasons for an extension must be entered in the record. *Id.* Where parties to a TRO have notice and an opportunity to be heard, the only question presented is whether there is good cause to extend the TRO. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Patinkin,* No. 91 C 2324, 1991 WL 83163, at *3 (N.D. Ill. May 9, 1991). A TRO is generally limited to one extension and a maximum duration of twenty-eight days. *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 844 (7th Cir. 2012). However, "[w]hen a TRO is extended beyond the 28-day limit without the consent of the enjoined party, it becomes in effect a preliminary injunction that is appealable, but the order remains effective." *Id*. at 844–45 (citing *Sampson v. Murray,* 415 U.S. 61, 86–88 (1974)).

## III.     DISCUSSION

The Court does not find good cause to extend the TRO. To start, the Court agrees with Enovis that IN Motion's conduct demonstrates a lack of genuine exigency. Most notably, IN Motion did not file a preliminary injunction when it initiated this case or before the conference

with the Magistrate Judge, or before moving to extend the TRO. IN Motion waited until February 26, 2026—two weeks after initiating this case and the day before the TRO's expiration—to file its Motion for Preliminary Injunction (Filing No. 34). IN Motion's delay in seeking a preliminary injunction leads the Court to conclude that an extension of the TRO is being sought not because of a true emergency, but rather because IN Motion failed to seek relief in a timely manner.

In addition, even if IN Motion had acted promptly in seeking a preliminary injunction, a 14-day extension of the TRO would not be justified. At the February 24, 2026 Status Conference, IN Motion's counsel represented that IN Motion intends to seek expedited discovery, including written discovery and approximately six depositions, for its (then-forthcoming) Motion for Preliminary Injunction. Plaintiff's counsel estimated that the expedited discovery would take six to eight weeks to complete. Based on IN Motion's discovery timeline, a 14-day extension of the TRO would not allow the parties or the Court enough time to brief, hear, and rule on a request for a preliminary injunction.

IN Motion's efforts at service of process also show a lack of true emergency. The TRO was entered on February 13, 2026, and directed IN Motion to "effect service of the Summons, Verified Complaint, Motion for Temporary Restraining Order, and this Order upon Defendants forthwith." (Filing No. 14 at 5). IN Motion filed proposed summonses on February 17, 2026, but because IN Motion had filed this case under seal (Filing No. 2), the issued summonses were originally not accessible on CM/ECF, and hard copies were necessarily mailed to IN Motion. *See* General Order, *In the Matter of: Procedures for Sealed Filings*, No. 1:26-mc-00001-JRS (Feb. 2, 2026), https://www.insd.uscourts.gov/general-orders. The case was unsealed on February 19, 2026, making the issued summonses accessible via CM/ECF (Filing No. 16), but IN Motion waited for

the mailed copies to arrive.[2] Enovis and Cmiel were not served until February 24 and 26, 2026, respectively (Filing No. 38; Filing No. 39).

The Court also agrees with Enovis that IN Motion's assertions regarding irreparable harm do not warrant an extension of the TRO. In seeking the TRO, IN Motion represented that Defendants intended to "exploit a 'loophole'" in the Agreement and argued that Defendants' brazen violation of a facially binding restrictive covenant shows that Defendants are likely to accelerate their tortious conduct, conceal evidence, and misappropriate trade secrets (Filing No. 5 at 3–4). It is now clear, however, that IN Motion's earlier arguments were based on an incomplete (and seemingly misleading) quotation of the Agreement and a misrepresentation of Defendants' position. Recent filings reveal that Defendants are not wantonly violating a restrictive covenant that they know is enforceable and are instead contending that the Agreement, as written, does not prohibit the alleged conduct at issue. The Court is not presently considering the merits of the parties' arguments regarding the Agreement's enforceability, but the Court does find that IN Motion's prior representations about the risk of irreparable harm no longer carry enough weight to warrant an extension of a TRO.

The Court also agrees with Enovis that IN Motion's Motion to Extend fails to cite any "specific facts" demonstrating that absent Court intervention, IN Motion will be irreparably harmed before the Court can hear and rule on the Motion for Preliminary Injunction (Filing No. 30 at 2–3).

The TRO is set to expire today at 5:00 p.m. ET, which is prior to the scheduled hearing on Enovis's Emergency Motion to Dissolve the TRO. Under this timeline, the Motion to Dissolve will

---

[2] During the Status Conference, after Plaintiff's counsel noted that he was still waiting on the mailed summonses, the Magistrate Judge requested that the Clerk's office print copies of the summonses to help expedite service.

be rendered moot at 5:00 p.m. ET and an Order dissolving the Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b)(4), is no longer necessary. The Court intends to allow the TRO to expire as scheduled, to **deny** the Emergency Motion to Dissolve the TRO **as moot** and **vacate** March 2, 2026 hearing**.**

## IV.   CONCLUSION

For the reasons explained in this Order, the Court does not find good cause to extend the TRO and the Motion to Extend ([Filing No. 31](#)) is **DENIED**. The TRO ([Filing No. 14](#)) expired at 5:00 p.m. ET on February 27, 2026.

Enovis's Emergency Motion to Dissolve the TRO (Filing No. 18) is **DENIED AS MOOT** and the March 2, 2026 hearing on Enovis's Motion to Dissolve is **VACATED**.

However, this matter **REMAINS SET** for a telephonic status conference on Monday, March 2, 2026, as 12:30 p.m. ET with the Magistrate Judge ([Filing No. 35](#)). At the conference, the parties should be prepared discuss a discovery plan, briefing schedule, and to determine a date for the hearing (if necessary) on the recently filed Motion for Preliminary Injunction, as well as the estimated time required for such hearing. The parties may also discuss the status of the nominal bond that was posted.

**SO ORDERED**.

Date:
  2/27/2026

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Keith E. Edeus, Jr
Nixon Peabody LLP
keedeus@nixonpeabody.com

John David French
Ice Miller LLP
jd.french@icemiller.com

Stephen W. Heil
CRAY HUBER HORSTMAN HEIL & VAN AUSDAL LLC
swh@crayhuber.com

Andrew J. Miroff
Ice Miller LLP
drew.miroff@icemiller.com

Zachary Shook
Cray Huber
zgs@crayhuber.com